# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DIVISION OF TEXAS
# BEAUMONT DIVISION

No. 1:02-CR-59

United States of America

v.

Clint Albert Gage
                                  Defendant

**Report and Recommendation Re: Petition for Warrant
or Summons for Offender Under Supervision**

Pending is a "First Amended Petition for Warrant or Summons for Offender Under Supervision," filed October 26, 2007, alleging that defendant violated conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States magistrate judge.

## I.  The Original Conviction and Sentence

Defendant was sentenced on October 23, 2002, before The Honorable Howell Cobb, U.S. District Judge of the Eastern District of Texas, after pleading guilty to the offense of Felon in Possession of a Firearm, a Class C felony.  This offense carried a statutory maximum imprisonment term of 10 years.  The guideline imprisonment range, based on a total offense level of 19 and a criminal history category of V, was 57 to 71 months.  Defendant was subsequently sentenced to 57 months imprisonment followed by three years supervised release subject to the standard conditions of release, plus special conditions to include not committing any offenses against a foreign state or nation; payment of financial penalties; financial disclosure; not incurring new lines of credit until completion of financial obligations; drug and alcohol treatment; and a $100 special assessment.

## II.  The Period of Supervision

On May 9, 2006, defendant completed his period of imprisonment and began service of the supervision term.  Upon the death of Judge Cobb, defendant's case was reassigned to The Honorable Ron Clark, U.S. District Judge for the Eastern District of Texas, on April 5, 2007.

The Court, on May 3, 2007, modified conditions to include abstention from alcohol use.  On June 20, 2007, the Court again modified conditions of release to include the requirement of residence in a Residential Reentry Center for a period of 180 days during which he was prohibited from operating a motor vehicle.

### III. The Petition

United States Probation filed the pending First Amended Petition for Warrant or Summons for Offender Under Supervision on October 26, 2007. The petition alleges that defendant violated the following conditions of release:

| | |
|---|---|
| Standard Condition: | Defendant shall obey all municipal, county, state, and local laws. |
| Special Condition: | Defendant shall participate in a program of testing and treatment for drug abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. |
| Special Condition: | The offender shall reside in and participate in the community corrections component of a Residential Reentry Center, as instructed, until successfully discharged by the center director, but no longer than 180 days from admission. Defendant shall abide by all rules and regulations of the center and shall be required to pay subsistence to the Residential Reentry Center. |
| Special Condition: | The offender shall abstain from using any alcoholic beverage while on supervised release. |

As grounds, the petition alleges that defendant submitted to a breathalyzer test on September 2, 2007, which indicated alcohol consumption. On September 5, 2007, defendant, while residing at Bannum Residential Reentry Center, left to go to work and failed to return to the facility. On September 5, 2007, defendant admitted to consuming alcohol to United States Probation Officer Lori Bush. On September 5, 2007, defendant failed to report for his substance abuse treatment counseling at Simon Counseling and Consultation.

On September 6, 2007, defendant was arrested for the offenses of aggravated assault against a public servant; evading arrest with a motor vehicle and felony Driving While Intoxicated.

## IV. Proceedings

On January 22, 2009, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of supervised release. If so, the hearing would also consider the appropriate course of action.

At the revocation hearing, counsel for the government and the defendant announced an agreement as to a recommended disposition. Defendant would plead "true" to the allegation that he violated a standard condition of supervised release by violating state law. In exchange for defendant's plea of "true," the court would revoke defendant's supervised release and impose six hundred twenty-two (622) days imprisonment, with 108 days of unserved community confinement following release with no term of supervised release thereafter. Further, the government agreed to decline to proceed with remaining alleged violations of supervised release conditions.

At the revocation hearing, defendant pleaded "true" to the allegation that he violated a standard condition of supervised release by committing an aggravated assault against a public servant. Further, defendant submitted an exhibit to the court certifying that he is also concurrently serving a sentence of 32 years for which he will not become eligible for parole until September 6, 2023. Thereafter, he will be supervised by a Texas parole officer upon his release.

## V. Principles of Analysis

Upon finding by a preponderance of the evidence that a defendant has violated conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(3) the court may revoke the term of supervised release and require defendant to serve in prison all or part of the term of supervised release without credit for time served on post-release supervision. The original offense of conviction was a Class C felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is two years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated a standard condition of supervised release by committing an aggravated assault on a public servant, defendant will be guilty of committing a Grade A violation. U.S.S.G. § 7B1.3(a)(1) indicates upon a finding of a Grade A or B violation, the court shall revoke probation or supervised release. U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade A violation and a criminal history category of V, the guideline imprisonment range is 30 to 37 months. However, the statutory maximum term of imprisonment for this offense is two years; therefore, the guideline range is adjusted to 24 months.

Additionally, according to U.S.S.G. § 7B1.3(d), any community confinement previously imposed in connection with a sentence for which revocation is ordered that remains unserved at the time of the revocation shall be ordered to be served in addition to the sanction determined by § 7B1.4, and any such unserved period of community confinement may be converted to an equivalent period of imprisonment. As such, defendant can be sentenced to an additional 108 days of imprisonment.

According to U.S.S.G. § 7B1.3(f), any term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553 (a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

## VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

**<u>Findings:</u>**

Defendant pleaded "true" to the allegation that he violated a standard condition of supervised release by committing the offense of aggravated assault against a public servant. Based upon defendant's plea of "true" to the allegations and U.S.S.G. § 7B1.1(a), defendant violated conditions of supervised release in the manner alleged in the petition. Defendant's violation is a Grade A violation with policy guidelines suggesting 24 months imprisonment upon revocation.

**<u>Conclusion and Justification:</u>**

Defendant has demonstrated inability to adhere to conditions of supervision. Defendant did not comply with conditions of his supervision by committing the offense of aggravated assault on a public servant. As such, incarceration appropriately addresses defendant's violation.

The Court imposed the statutory maximum term of imprisonment for the defendant's revocation penalty. In imposing the twenty-four month term of imprisonment, the Court faced the complexity that the defendant was already subject to multiple terms of imprisonment, including a twenty-year sentence for driving while intoxicated, and two 32-year sentences for two counts of aggravated assault on a public servant. The Court in determining that the term of imprisonment should be ordered to run concurrently versus consecutively, pursuant to 18 U.S.C. §3584(b), considered the factors set forth in 18 U.S.C. §3553(a). Specifically, that the sentence should be sufficient but not greater

than necessary to comply with the nature and circumstances of the offense and the history and characteristics of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The Court finds that such a lengthy term of imprisonment in state custody will afford the defendant the opportunity to participate in rehabilitative services and self-improvement programs designed to assist and rehabilitate him. Additionally, upon release from state custody, Mr. Gage will serve a term of parole, supervised by the state. The length of the parole term far exceeds the term of supervised release this Court has the authority to impose.

The Court further notes that the basis of the revocation violation is the same conduct as the state conviction. These unique circumstances therefore, allow the Court to use it's discretion to fashion a sentence of appropriate length, and structure it to run in an appropriate manner to achieve a reasonable punishment for the violation before the Court. The Court finds there to be aggravating or mitigating circumstances of a kind or to a degree not adequately taken into consideration by the Sentencing Commission in formulating the guidelines, specifically U.S.S.G. §7B1.3(f), which recommends the revocation penalty be served consecutively to any other undischarged term or imprisonment. For the reasons previously outlined, the Court imposes the revocation penalty to run concurrently to the undischarged term of imprisonment to achieve a reasonable total punishment for the offense and better promote the purposes of sentencing, as set forth in § 3553(a).

In this instance, however, no constructive purpose will be served by ordering that defendant's revocation sentence be served consecutively. The maximum revocation sentence is only 24 months, whereas defendant will remain

in custody on his state sentence for another 15 years, and then will remain under intensive state parole supervision thereafter. All traditional sentencing factors of punishment, deterrence and rehabilitation will be adequately addressed by state penal and supervision authorities, thus making a concurrent revocation sentence appropriate.

## RECOMMENDATIONS

1. The court should find that defendant violated a mandatory condition of supervised release, by committing the offense of aggravated assault against a public servant, in the manner alleged in the petition.

2. The petition should be granted and defendant's supervised release revoked pursuant to 18 U.S.C. § 3565.

3. Defendant should be sentenced to a term of imprisonment of six hundred twenty-two (622) days to run concurrently with the unserved sentence he is currently serving.

4. Defendant, upon release, shall reside in a Residential Reentry Center for a period of one-hundred eight (108) days.

4. Upon release of imprisonment, defendant should not be placed on supervised release.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein, and consenting to the imposition of the above sentence recommended in this report.

Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 26 day of January, 2009.

_____
Earl S. Hines
United States Magistrate Judge